UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GARY LABARBERA and THEODORE KING, as
Trustees and Fiduciaries of the Local 282 Welfare,
Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282 Vacation
and Sick Leave Trust Funds,

               Plaintiffs,

-against-

EXPO TRUCKING, INC.,

               Defendant,
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

03-CV-4283 (DLI)(MLO)

DORA L. IRIZARRY, United States District Judge:

On February 28, 2006, the court entered a default judgment in this E.R.I.S.A. collection action against defendant Expo Trucking, Inc., and referred the issue of damages, interest, attorney's fees, costs, and auditor's fees to U.S. Magistrate Judge William D. Wall. On June 27, 2006, Judge Wall issued a Report and Recommendation ("R & R") wherein he recommended that the court award plaintiff $18,402.67 in delinquent contributions, interest on those contributions at a rate of six percent, attorney's fees and costs of $9,554.75, and auditor's fees of $3,810.00. No objections to the R & R were filed. However, by letter dated July 21, 2006, plaintiff requested that the court consider an unpublished summary decision by the Second Circuit issued July 20, 2006 in *LaBarbera v. A. Morrison Trucking*, No. 04-CV-5927, 2006 WL 2091227. For the following reasons, the R & R is adopted except as to that portion that recommends awarding plaintiffs interest on the delinquent contributions at a rate of six percent, which is modified to award interest at a rate of sixteen percent.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a magistrate judge's report and recommendation, the court must engage in a *de novo* review of those portions of the report to which the party specifically objects. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where a party fails to make an objection, the court will review a report and recommendation for clear error. *Hardison v. Artus*, No. 06 Civ. 322, 2006 WL 1763678, at *1 (S.D.N.Y. June 23, 2006); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992).

Here, the Magistrate Judge found that defendants failed to make contributions as required by the collective bargaining agreement ("Trust Agreement") and recommended awarding damages in the amount of $18,402.67 for the time periods specified in the complaint. With respect to the interest award, the Magistrate Judge recommended that, rather than award interest on the delinquent contributions at a rate of sixteen percent annually, interest should be awarded at a rate of six percent annually.

In making this determination, the Magistrate Judge relied on *King v. JCS Enter.*, 288 F. Supp. 2d 287 (E.D.N.Y. 2003), which held that, when a trust agreement provision refers to § 5–501, such as the provision at issue here, interest may be awarded at a rate ranging from six to sixteen percent annually. In deciding to award six percent interest, the Magistrate Judge reasoned that "[u]nder the conditions that prevailed for much of the time for which the plaintiffs herein are seeking interest, interest rates were quite low, and awarding them sixteen percent violates both the plain meaning of the statute and the underlying policy." (R & R 5.)

Although *LaBarbera v. A. Morrison Trucking*, No. 04-CV-5927, 2006 WL 2091227 is an unpublished decision and cannot be relied upon as precedent, the reasoning set forth in that decision

2

is applicable here.

Article IX, § 3 of the CBA provides for an award of interest "at the rate specified in Section 5-501 of the General Obligations Law of the State of New York." New York General Obligations Law § 5–501 specifies that the "rate of interest . . . shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law." Section 14-a of the Banking Law provides that the "maximum rate of interest provided for in section 5–501 of the general obligations law shall be sixteen per centum per annum." In *Trans World Airlines, Inc., v. Hughes*, 449 F.2d 51, 80–81 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S. Ct. 647, 34 L. Ed. 2d 577 (1973), the Second Circuit held that the six percent rate prevails only if "the [State Banking] Board prescribed no other maximum lending rate." Given that the New York State Banking Board has prescribed the higher rate of sixteen percent annually, the annual interest on the delinquent contributions should be awarded at that rate.

Accordingly, the Report is modified to award plaintiffs interest at the rate of sixteen percent through April 30, 2006 on the three audit amounts, totaling $21,636.23, and is otherwise adopted.

SO ORDERED.

Dated: Brooklyn, New York
August 29, 2006

/s/
Dora L. Irizarry
United States District Judge